**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Robert Dee Burke

    v.                                     Case No. 14-cv-158-SM
                                              Opinion No. 2014 DNH 126

Warden, New Hampshire
State Prison, et al.


**O R D E R**


Robert Burke has filed a complaint (doc. no. 1) asserting that the warden of the New Hampshire State Prison ("NHSP"), an NHSP classifications counselor, and the NHSP health services administrator have violated his Eighth Amendment rights by denying him adequate medical care.  The complaint is before the court for preliminary review, pursuant to 28 U.S.C. § 1915A.


**Preliminary Review Standard**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d

91, 102-03 (1st Cir. 2013) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

## Background

On January 13, 2012, Burke was transferred from New Hampshire to a prison in Connecticut for unspecified security reasons. Burke suffers from severe cystic acne, and prior to his transfer, NHSP medical personnel had prescribed a particular antibiotic for that condition. Burke asserts that when he was transferred to Connecticut, the NHSP health services administrator misidentified the particular antibiotic that she knew Burke had been prescribed for his acne, and instead provided the receiving facility with the name of an antibiotic that was not effective. As a result, Burke alleges, he did not immediately receive effective antibiotics post-transfer.[1]

## Discussion

"The failure of correctional officials to provide inmates with adequate medical care may offend the Eighth Amendment if

---

[1]  In his complaint, Burke describes allegedly inadequate medical care at the prison in Connecticut. No Connecticut defendants are named here, and this court may not have jurisdiction over such defendants in any event. Accordingly, the court does not construe the complaint as intending to state any claim concerning events in Connecticut.

their 'acts or omissions [are] sufficiently harmful to evidence deliberate indifference to serious medical needs.'" <u>Leavitt v. Corr. Med. Servs., Inc.</u>, 645 F.3d 484, 497 (1st Cir. 2011). Assuming, without deciding, that Burke has stated that he has a serious medical need, he has failed to allege facts indicating that any named defendant acted with deliberate indifference to those needs. The complaint fails to state any plausible claim for relief.

## Conclusion

Within thirty days of the date of this order, Burke may file an amended complaint asserting plausible claims upon which relief might be granted. If Burke fails to so amend his complaint, this action will be dismissed.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 4, 2014

cc:  Robert Dee Burke, pro se

SM:jba

3